EDSON C. JENNINGS, Respondent, *v.* THE D. G. BURTON COMPANY, Appellant.

*Action for injuries sustained by the bite of a dog — sufficient defense thereto — vicious dog.*

It is a sufficient defense to an action brought to recover damages alleged to have been sustained by the plaintiff from the bite of a dog, to show that the defendant was not the owner of the dog and had not harbored him for twenty days prior to the injury.

*Semble,* that it is not sufficient to prove a dog to be a vicious one, to show that he was chained in a stable and at times had growled and barked at persons passing near him.

APPEAL by the defendant, the D. G. Burton Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 4th day of November, 1892, upon the verdict of a jury for $225, rendered at the Westchester Circuit, with notice of an intention to bring up for review on such appeal an order of the Supreme Court made on the 14th day of October, 1892, denying the defendant's motion for a new trial made upon the minutes.

*Robert McC. Robinson,* for the appellant.

*David Swits,* for the respondent.

PRATT, J. :

The defendant appeals from a judgment, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought to recover damages sustained by plaintiff, an employee of the defendant, from the bite of a dog alleged to have been kept by the defendant.

The evidence shows that, at the time of the injury, one James D. Burton occupied a stable which the defendant had leased to him on February 16, 1892; that said stable was situated some 300 feet distant from the engine room where plaintiff was employed at the time of the injury, and that said Burton owned and kept a dog in said stable, which attacked and bit the plaintiff on the morning of February 26, 1892. It was further shown that the defendant was incorporated on February 1, 1892, and became the owner of said stable and the premises where plaintiff was employed on February 16, 1892. There is no evidence in the case, so far as we have been able to discover, that the defendant owned the dog, or had it in possession; on the contrary, it was clearly proven that the dog belonged to one James D. Burton and was kept by him at his stable. Nor is there any evidence to hold the defendant, as a harborer of the dog for the space of twenty days previous to the injury, under 1 Revised Statutes, 706, section 20. That could not have been found for the reason that the defendant did not become the owner of the premises until February 16, 1892, only ten days before the injury. On this state of facts, even conceding that the dog was a vicious one, we do not see how plaintiff can recover in this action. But we do not find sufficient evidence that the dog really was a vicious one. He had never before bitten any one or, so far as we can find in the evidence, done anything from which the defendant, even if it owned the dog, could be presumed to have notice that the dog was a vicious one. He was chained in Burton's stable and, at times, had growled and barked at persons passing near him. Such actions did not make the dog a vicious one. But it is unnecessary to discuss this branch of the case. It is sufficient for the purposes of this appeal that it was shown, on the trial, that the defendant was not the owner of the dog, and had not harbored him for the twenty days required by the statute to make the defendant liable for any injury the dog might do.

The judgment and order denying new trial should be reversed and a new trial granted, with costs to abide the event.

CULLEN, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.